ACCEPTED
12-15-00152-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/19/2015 4:46:12 PM
Pam Estes
CLERK

CASE NO. 12-15-00152-CR

IN THE TEXAS COURT OF APPEALS

TWELFTH SUPREME JUDICIAL DISTRICT

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/19/2015 4:46:12 PM
PAM ESTES
Clerk

ON APPEAL FROM CAUSE NO. 15-0311

IN THE COUNTY COURT AT LAW NO. 2

ANGELINA COUNTY, TEXAS

BARBARA BROOKSHIRE SAMFORD, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

BRIEF FOR APPELLEE

Ed C. Jones
Angelina County Attorney
P. O. Box 1845
Lufkin, Texas 75902-1845
Telephone: 936-639-3929
Bar No. 10873300

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Identity of All Parties ................................................ Page 2

Index of Authorities ................................................. Page 3

Issues Presented ..................................................... Page 4

Summary of the Argument ...................................... Page 4-5

Statement of Facts .................................................. Page 5-6

Argument

      Reply to Appellant's Point of Error One ........... Page 6-7

      Reply to Appellant's Point of Error Two ........... Page 7-8

Conclusion ............................................................ Page 8

Certificate of Service .............................................. Page 9

Certificate of Compliance ........................................ Page 10

IDENTITY OF ALL PARTIES

Pursuant to Tex.R.App.P. 55.2(a), the following is a list of parties to the trial court's judgment and the names and addresses of trial appellate counsel.

1. Barbara Samford
   P.O. Box 3082
   Lufkin, Texas 75903

2. Albert J. Charanza, Jr., Counsel for Appellant at trial and appeal
   P.O. Box 1825
   Lufkin, Texas 75902
   (936) 634-8568

3. Ed Jones, Counsel for The State of Texas at trial and on appeal
   Angelina County Attorney
   P.O. Box 1845
   Lufkin, Texas 75902

4. The Honorable Derek Flournoy
   County Court at Law No. Two
   P.O. Box 908
   Lufkin, Texas 75902

5. Amicus Brief
   T.L.L. Temple Foundation, Scott C. Skelton and Rebecca M. McMahon, Counsel
   1616 S. Chestnut
   Lufkin, Texas 75901

# INDEX OF AUTHORITIES

| Cases | Page |
| --- | --- |
| Hacker v. State, 389 S.W. 3rd 860, 864-865 (Tex. Crim. App. 2013) | 7 |
| Garrett v. State, 619 S.W. 2d 172 (Tex. Crim. App. 1981) | 7 |
| Cardona v. State, 665 S.W. 2d 492 (Tex. Crim. App. 1984) | 7 |
| Little v. State, 376 S.W. 3d 217, 219 (Tex. App. – Fort Worth 2012, pet. ref'd) | 7 |
| Rickels v. State, 202S.W. 3d 759, 763 (Tex. Crim. App. 2006) | 8 |
| Caddell v. State, 605 S.W. 2d 275 (Tex. Crim. Ap. 1980) | 8 |

| BARBARA BROOKSHIRE SAMFORD | § | IN THE TWELFTH |
| Appellant | § | |
| | § | |
| Vs. | § | COURT OF APPEALS |
| | § | |
| STATE OF TEXAS | § | |
| Appellee | § | TYLER, TEXAS |

## ISSUES PRESENTED

Reply Issue #1:

The evidence was sufficient to prove by a preponderance of the evidence that Appellant Samford violated the "no contact" term of her community supervision order. All references to Samford in this brief are to the Appellant.

Reply Issue #2:

The trial court did not err and did not abuse its discretion in finding Appellant Samford in violation of her community supervision order and adjudicating her guilty.

## SUMMARY OF THE ARGUMENT

At the hearing on the State's First Amended Motion To Adjudicate held on May 6, 2015, the Court after hearing the evidence found that it was true that Samford had violated allegations 3 and 4 of the State's First Amended Motion To Proceed With Adjudication of Guilt. (See R.R., Page 51, line 19-23) Specifically,

4

the allegations found to be true pertained to the term (P) of Samford's Deferment of Adjudication of Guilt and Community Supervision Order entered on February 17, 2015, which provided that Samford have no contact with any board members of the T.L.L. Temple Foundation. (CR. Page 13) At the hearing on the State's First Amended Motion To Proceed the allegations found to be true were that Samford violated term (P) "in that on or before the 24th day of March, 2015, she attempted to make contact with Tom Darmstader and that on March 24, 2015, she made contact with Jack Sweeny". (See State's First Amended Motion To Proceed With Adjudication of Guilt. (See CR, Page 35-36)

There was a preponderance of the credible evidence showing that Samford had violated at least one of the alleged violations of the community supervision and the trial court did not abuse its discretion when adjudicating Samford to have violated the terms of her community supervision.

## STATEMENT OF FACTS

The State wishes to supplement the Statement of Facts set forth in Appellant's Brief as follows:

At the Motion To Proceed With Adjudication Hearing on May 6, 2015, Community Supervision and Corrections Officer Krystal Garcia testified that she went over all the terms of supervision that Samford was placed under on February 17, 2015, including term (P) which provided that Samford have "no contact with Laura Squiers, Buddy Zeagler, and any board members of T.L.L. Temple Foundation.

5

Scott Skelton, attorney for the T.L.L. Temple Foundation testified at the May 6, 2015, adjudication hearing that in 2014 he had furnished Samford with IRS form 990, which contained the names of all the directors, board members of the Temple Foundation as well as their addresses. The form listed these persons as trustees, but among the names included were Thomas Darmstader and Jack Sweeny. (See P. 8, line 21-25 and P.9, line 1-19) Mr. Skelton had also testified that he had communicated with Samford seeking that Samford cease contacting Temple Foundation board members, employees. (See RR, P. 8, line 15-24)

Additionally, Laura Squiers, deputy executive director of the T.L.L. Temple Foundation, testified at the May 6, 2015, adjudication hearing that the terms trustees, directors, board members are used to describe the same persons. (See RR, P. 41, lines 24-25 and P. 42, lines 1-13)

Finally, Samford admitted in her testimony at the Injunction hearing in the 217th District Court of Angelina County that she knew she was in violation of the terms of her probation by contacting Jack Sweeny and Tom Darmstader. (See CR, P. 6, line 7 through P. 61, line 14)

## ARGUMENT

Reply to Appellant's Point of Error One – The evidence was sufficient to prove by a preponderance of the evidence that Samford violated her community supervision.

## STANDARD OF REVIEW

6

For the court to find that Samford violated the terms of her community supervision order the State needs only to prove that the violation of a term or condition of probation by a preponderance of the evidence, which is "that greater weight of the creditable evidence that would create a reasonable belief that the defendant has violated a condition of his probation". Hacker v State, 389 S.W. 3rd 860, 864-865 (Tex. Crim. App. 2013); Garrett v State, 619 S.W. 2d 172 (Tex. Crim. App. 1981) Samford counsel has also cited the Hacker case for the proposition that the extrajudicial statement of the defendant is not sufficient to sustain the State Motion To Revoke. Hacker can and should be distinguished from the Samford case because she testified, under oath as previously mentioned, that attempt to contact Darmstader was a violation of probation. Further, there is corroborating testimony from Laura Squiers, Glenda Barnes, and Jack Sweeny relating to her conduct which violated the terms of her supervision from which Judge Flournoy could make a finding that Samford violated the terms of her supervision.

Reply to Appellant's Point of Error Two – The Court did not err and did not abuse its discretion in finding Samford in violation of her community supervision and adjudicating her guilty.

## STANDARD OF REVIEW

Standard of Review for probation-revocation cases, the appellate standard of review is whether the trial court abused its discretion, Cardona v. State, 665 S.W. 2d 492 (Tex. Crim. App. 2013); Little v State, 376 S.W. 3d 217, 219 (Tex.

7

App. – Fort Worth 2012, pet. ref'd); Rickels v State 202 S.W. 3d 759, 763 (Tex. Crim. App. 2006) Appellate review of an order revoking probation is limited to abuse of the trial court's discretion. Caddell v. State, 605 S.W. 2d 275 (Tex. Crim. App. 1980). The evidence is clear that Darmstader and Sweeny are members of the board of trustees and knowing this, Samford attempted to contact or did not contact them. Also, it should be considered that from the testimony Samford gave at the injunction hearing that she had an extensive knowledge of the T.L.L. Temple Foundation and she knew that the capacity in which Darmstader and Sweeny were serving as board members but she undertook to contact them, even if it violated her probation.

## CONCLUSION

The court made the correct decision based on the evidence it heard in adjudicating Samford guilty. If the court had not ruled accordingly it would further embolden Samford to continue in harassing those associated with the T.L.L. Temple Foundation.

The State would also bring to the Appellate Court's attention that an Amicus Curaie brief is being filed in behalf of the T.L.L. Temple Foundation and that the State concurs with their brief.

Ed C. Jones

_____
Respectfully submitted,
Ed C. Jones
Angelina County Attorney
Attorney For The State

8

P. O. Box 1845
Lufkin, Texas 75902-1845
Telephone: 936-639-3929
Bar No. 10873300

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2015, I sent a copy of Appellee's Brief to all parties listed below as indicated.

_Ed C. Jones_
Ed C. Jones

VIA Texas Official eFile System:

ATTORNEY FOR APPELLANT
AL CHARANZA

## CERTIFICATE OF COMPLIANCE

I certify this document contains 1500 words, counting all parts of the document except those excluded by Tex.R.App.9.4(i)(1). The body text is in 14 point font.

Ed C. Jones